UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Larry Jacobson, as Chairman of the Joint Industry Board of the Electrical Industry,

Plaintiff,

CV-03-3413 (CPS)

- against -

MEMORANDUM AND OPINION

Peterbilt Electrical Contracting, Inc. and Peter Gargiulo,

Defendants.

----------------------------------------X

SIFTON, Senior Judge.

Plaintiff Larry Jacobson ("Jacobson"), Chairman of the Joint Industry Board of the Electrical Industry ("Joint Board"), commenced this action on July 11, 2003 as a fiduciary of various employee benefit plans against defendants Peterbilt Electrical Contracting, Inc. ("Peterbilt") and Peter Gargiulo ("Gargiulo") to collect sums due to the Joint Board under the terms of a collective bargaining agreement and a stipulation and forbearance agreement between the parties. Plaintiff seeks relief under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145;[1] and Section

[1] 29 U.S.C. § 1132 provides that a civil action may be brought:

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1145 provides that:

301 of the Labor Management Relations Act (“LMRA”), 29 U.S.C. § 185.[2] Presently before this Court is plaintiff’s renewed motion for entry of judgment against defendants. For the reasons set forth below, plaintiff’s motion is granted.

**Background**

The following facts are drawn from the Complaint, plaintiff’s submissions in connection with this motion, and the record of the prior proceedings before the undersigned. There are no factual disputes.

The Joint Board is the administrator and fiduciary of various employment benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the “Union”), and employer associations and independent or unaffiliated employers in the electrical and other related industries (collectively the “Employers”). Effective January 1, 2006, Dr. Gerald Finkel succeeded Larry Jacobson as the Joint

---

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

[2] 29 U.S.C. § 185(a) provides that:

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Board Chairman. The Joint Board collects contributions required to be paid to the National Employees Benefit Fund (the “ERISA Plans”). The Joint Board also collects assessments payable to the Union by certain employees and employer contributions for Joint Board administered plans. Employers are required to submit summaries of their weekly payrolls to the Joint Board.

Defendant Peterbilt is a New York corporation that was engaged in the electrical contracting business at the time plaintiff commenced this action. Defendant Gargiulo is a principal of Peterbilt.

Peterbilt was bound by the May 10, 2001 to May 14, 2004 collective bargaining agreement (“CBA”) between the Union and Employers. Pursuant to the CBA, Peterbilt was required to remit employee benefit contribution payments to the Joint Board for the benefit of its employees covered by the CBA in specified amounts. Peterbilt also agreed to participate in 401(k) plans for all employees covered by the CBA and was required to withhold and remit employee elective contributions and payroll summaries. Because Peterbilt is not a member of an employer association, defendant Gargiulo is personally liable for payments due under the terms of the CBA.

After the United States Department of Labor conducted an audit of the 401(k) plan administered by the Joint Board for the period January 1, 1999 through December 31, 2001, it was

discovered that Peterbilt had failed to remit employee elective contributions to the 401(K) plan for 79 of the 156 weeks covered by the audit. In April 2002, the Joint Board informed Peterbilt that it had failed to remit employees' elective contributions in accordance with the DOL regulations and demanded payment of the applicable interest. According to plaintiff, defendants withheld employee elective contributions, which were 401(k) assets, and used the funds to pay creditors and for the general benefit of the company.

On or about May 1, 2003, the parties entered into a stipulation ("May 2003 Stipulation") under which defendants acknowledged that they owed delinquent contributions in the estimated amount of $72,939.32 plus interest on late paid contributions, and agreed that defendants would make all required ongoing weekly contribution payments to the Joint Board when and as they became due.

The Joint Board states that defendant defaulted under the May 2003 Stipulation by failing to remit required contributions or cure the default within three calendar days. Defendants were advised of their default on June 12, 2003. After defendants failed to cure the default, the Joint Board filed the instant action.

In August 2005, plaintiff's counsel informed Magistrate Judge Levy that the parties were in settlement discussions. *See*

Letter from Plaintiff's Counsel to Magistrate Judge Levy, dated August 11, 2005. On September 29, 2005, I discontinued the action and afforded the parties sixty days to consummate the settlement. In November 2005, the parties entered into a Stipulation and Forbearance Agreement ("November 2005 Stipulation"), under which defendants acknowledged that they owed delinquent contributions to the Joint Board in the amount of $102,340.90. November 2005 Stipulation ¶ 1, Plaintiff Exhibit A. The November 2005 Stipulation constitutes an agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, is enforceable in federal court, and is governed by federal law. *Id.* ¶ 10. Under the terms of the November 2005 Stipulation, defendants were required to make a down payment of $20,000 on December 15, 2005, followed by monthly payments of $1,500 commencing on January 20, 2006, and continuing thereafter each month until the balance was paid in full. *Id.* ¶ 2. Defendants

> agree[d] that their failure to tender any payment on the dates specified in this Agreement, shall constitute a Default under this Agreement. In the event of a Default, if Debtors [defendants] fail to cure such Default within five (5) calendar days after written notice of such Default is transmitted to Debtors by facsimile, the [Joint Board] shall be entitled to move the Court to have judgment entered against Debtors in the Court for breach of this Agreement in the full amount of any unpaid contributions, plus interest, liquidated damages, attorneys' fees and costs.[3]

---

[3] The agreement further provides that

> [t]he [Joint Board's] failure to avail itself of this remedy in the case of any one or more defaults hereunder shall not constitute a waiver of the [Joint Board's] right to avail itself of this remedy in the event of

*Id.* ¶ 8.

The parties also entered into a consent judgment in November 2005, which was filed on June 28, 2007 for the Court's signature.

Defendants defaulted under the November 2005 Stipulation by failing to remit the down payment in full and for failing to make scheduled monthly payments. Plaintiff informed defendants, by letter, of their default for failing to make two monthly payments in 2007. After defendants failed to correct their default, plaintiff moved for an entry of judgment against defendants. On July 23, 2007, plaintiff informed this Court by letter that the parties had reached a settlement conditioned upon the payment of a specified amount by August 17, 2007. On July 26, 2007, defendant Gargiulo separately wrote to this Court indicating that he would make the required payment by August 17, 2007. On September 24, 2007, plaintiff informed this Court that defendants had made payments on the outstanding delinquencies. On that date, defendant made a payment of $11,000, covering delinquencies for January through July 2007, as well as part of August 2007. Defendants have not made any payments since September 2007 and delinquencies have accrued for part of August 2007 through February 2008. Declaration of Manlio DiPreta ("DiPreta Decl.") ¶ 13.

---

a future default.

November 2005 Stipulation ¶ 8.

On October 18, 2007, and November 15, 2007, plaintiff informed defendants of their default under the November 2005 Stipulation. Plaintiff Exhibit C. On January 7, 2008, plaintiff faxed a letter to defendants again informing them of the default. *Id.*

On March 4, 2008, the Joint Board renewed its motion for an entry of judgment against defendants for the balance of $63,340.90 in delinquent payments plus interest.

Defendants failed to submit opposition papers or appear for oral argument before the undersigned on this motion on April 3, 2008. At oral argument, plaintiff's counsel informed this Court that he had been in contact with defendant Gargiulo about this motion.

**Discussion**

29 U.S.C. § 1145 states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

Defendants' failure to appear, *see* Local Civil Rule 7.1, and the absence of any dispute during the prior proceedings about defendant's default, warrant the entry of judgment in favor of plaintiff. Based on the declaration of plaintiff's counsel and

accompanying exhibits, plaintiff has provided sufficient proof of the principal owed in the amount of $63,340.90. Di Preta Decl. ¶ 16; Pl. Exhibit E. Accordingly, judgment may be entered in favor of plaintiff for the principal owed in the amount of $63,340.90.

In addition to the principal owed, plaintiff is entitled to interest on the unpaid contributions as provided for by the November 2005 Stipulation and 29 U.S.C. § 1132(g)(2). Here, the Joint Board has calculated the interest due using the rate prescribed by 26 U.S.C. § 6621, in accordance with 29 U.S.C. § 1132(g)(2)(B). *See* Di Preta Decl. ¶ 18; Plaintiff Exhibit F.

Based on the documentation submitted to this Court, plaintiff has provided sufficient proof that the interest due is in the amount of $10,571.95. Di Preta Decl. ¶¶ 17-18; Plaintiff Exhibits E, F. Accordingly, plaintiff will be awarded $10,511.95 in interest on the unpaid contributions.

*Attorney’s Fees and Costs*

Plaintiff seeks attorney’s fees and costs in the amount of $8,057.89. Pursuant to the terms of the November 2005 Stipulation, plaintiff is entitled to attorney’s fees. November 2005 Stipulation ¶ 8.

The Second Circuit uses the “presumptively reasonable fee,” known as the “lodestar figure” (or “lodestar”) in other circuits, to determine reasonable attorneys’ fees for federal claims. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

*County of Albany*, 493 F.3d 110 (2d Cir. 2007); *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994); *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118 (S.D.N.Y. 2007). The presumptively reasonable fee "is arrived at by 'multiplying the number of hours reasonably expended on the litigations ... by an hourly rate.'" *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)).

*Hourly Rate*

The reasonable rate used to determine the amount of attorney's fees to award is calculated according to the prevailing rates in the district in which the court sits. *Polk v. N.Y. State Dep't of Corr. Servs*., 722 F.2d 23, 25 (2d Cir. 1983).

In order to set the hourly rates, courts compare the attorney's usual billing rates with the prevailing market rates in the applicable district. *Miele v. New York State Teamsters Conference Pensions & Retirement Fund*, 831 F.2d 407 (2d Cir. 1987). Courts in this District have awarded $200-$375 per hour for partners, $200-$250 per hour for senior associates and $75 per hour for paralegals. *See e.g., Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.*, No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. 2007); *Annuity, Pension,*

*Welfare, and Training Funds of Intern. Union of Operating Engineers, Local 14-14B, AFL-CIO v. A.J.S. Trucking & Excavating Corp.*, No. 06-CV-0701, 2007 WL 539152, at *4 (E.D.N.Y. 2007) (finding hourly rate of $250 reasonable for ERISA default case); *Finkel v. Tech Man. Inc.*, No. 06-CV-2264, 2007 WL 433399, at *1-2 (E.D.N.Y. 2007) (finding rate of $200 per hour for a lawyer with eight years of experience reasonable, and citing cases finding up to $250 to be reasonable); *Guardado v. Precision Financial, Inc.*, No. 04-CV-3309, 2008 WL 822105, at *5 (E.D.N.Y. 2008)(finding $75 hourly rate for legal intern reasonable); *Finkel v. Omega Communication Services, Inc.,* No. 06-CV-3597, 2008 WL 552852, at *6 (E.D.N.Y. 2008)(finding $75 hourly rate for paralegal reasonable).

Plaintiff's attorney, Manlio Di Preta ("Di Preta"), has submitted a declaration in support of the application for attorney's fees. Plaintiff seeks attorney's fees for the following four attorneys, two paralegals, and one law clerk who worked on this action at different times: partners James R. Grisi ("Grisi")and Di Preta; associates Eyad Asad ("Asad")and David R. Hock ("Hock"); paralegals Megan E. Ridley ("Ridley"), Sarah E. Wang ("Wang"); and law clerk Danica B. Williams ("Williams"). Di Preta Decl. ¶ 20.

Di Preta briefly describes the qualifications of the attorneys in his declaration. Di Preta has been practicing labor

and employee benefits law since 1984. Grisi has been practicing labor and employee benefits law since 1989. Asad has been engaged in employee benefits law practice since 2001 and Hock has been practicing employee benefits law since 2000. Di Preta Decl. ¶ 22.

Plaintiff’s counsel states that the following rates have been charged: (1) for Grisi and Di Preta, $225/hour for work completed in 2007 and $250/hour for work completed in 2008; (2) for Asad and Hock, $200/hour in 2007 and $235/hour in 2008; and (3) for Ridley, Wang, and Williams, $75/hour in 2007 and $80/hour in 2008. Di Preta Decl. ¶ 21.

The rates charged by plaintiff’s counsel comport with the rates generally charged in the Eastern District by lawyers with comparable experience. Since the billing rates are in line with prevailing market rates, attorney’s fees will be awarded at the rates requested.

*Hours Expended*

“[A]ny attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records.” *New York State Ass'n for Retarded Children, Inc., v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). These records should specify, for each attorney, the date, the hours expended and the nature of the work. *Id.* However, “[i]t is not required that counsel describe in great detail how

billable time was spent; it is sufficient to identify the general subject matter of time expenditures." *Aiello v. Town of Brookhaven,* No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. 2005)(citing *Perdue v. City Univ. of New York*, 13 F.Supp.2d 326, 345 (E.D.N.Y. 1998)).

Plaintiff's counsel has submitted contemporaneous time records in support of this fee motion. *See* Plaintiff Exhibit G. Plaintiff's counsel has expended a total of 49.2 hours since the filing of this motion in May 2007. *Id.* Having reviewed the records of plaintiff's counsel, I find that the number of hours expended on this motion is reasonable. Accordingly, I award plaintiff $10,571.95 in attorney's fees.

Plaintiff also seeks costs in the amount of $954.89. Costs are ordinarily recoverable if they are "incidental and necessary to the litigation." *Tips Exports, Inc., v. Music Mahal, Inc.,* No. 01-CV-5412, 2007 WL 952036, at * 11 (E.D.N.Y. 2007). Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable. *See id.*

The billing records for plaintiff's counsel include itemized lists of costs incurred. *See* Plaintiff Exhibit G. Based on my review of these records, I find that plaintiff has submitted sufficient documentation in support of the request for costs. Accordingly, plaintiff's request for attorney's fees and costs is granted in the amount of $8,507.89.

**Conclusion**

For the reasons set forth above, plaintiff's application for entry of judgment against defendants is granted. Plaintiff is hereby directed to submit a proposed judgment to this Court for review. The Clerk is directed to transmit a copy of the within to the parties and to the magistrate judge.

SO ORDERED.

Dated: Brooklyn, NY
April 10, 2008

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge